**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN SHANK,<br><br>Plaintiff,<br><br>vs.<br><br>WENDY PEACE *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-cv-235<br>Judge Stephanie L. Haines<br>Magistrate Judge Kezia O.L. Taylor |

**MEMORANDUM ORDER**

Presently before the Court is Defendant Wendy Peace's ("Landlord") Motion to Dismiss (ECF No. 75) a Third Amended Complaint in Civil Action filed pursuant to 42 U.S.C. § 1983 (ECF No. 73). *Pro se* Plaintiff Justin Shank ("Plaintiff") filed the Third Amended Complaint asserting that while he was incarcerated his Landlord allowed co-defendants Trooper Neeper, Corporal Means, and the Commonwealth of Pennsylvania ("Commonwealth Defendants") to enter his residence and conduct a warrantless search of his bedroom. ECF No. 73, pp. 3-4. Plaintiff also asserts that upon his release from prison, he was not allowed to return to his room, causing him to be homeless. ECF No. 73, p. 4. He claims that the actions of his Landlord were a violation of his civil rights.

Plaintiff's Landlord filed her Motion to Dismiss (ECF No. 75) and Brief (ECF No. 76) on December 10, 2025. Plaintiff filed a Brief in Opposition (ECF No 83) and the Landlord filed a Reply (ECF No. 84). The Motion to Dismiss was referred to Magistrate Judge Kezia O.L. Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 8, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No.

93) recommending that the Motion to Dismiss (ECF No. 75) be granted without prejudice. Focusing on the argument under 42 U.S.C. § 1983,[1] Judge Taylor found that Plaintiff did not allege any facts that would support the Landlord was operating as a state actor when she allowed the search of his room. ECF No. 93, p. 9. Such a finding is necessary to proceed in a Section 1983 case against the Landlord. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 93) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 3rd day of September, 2026, IT IS ORDERED that Defendant Wendy Peace's Motion to Dismiss (ECF No. 75) Plaintiff's Third Amended Complaint (ECF No. 73) hereby is GRANTED without prejudice. The Court provides Plaintiff with an opportunity to amend the Third Amended Complaint to cure the defects as noted. Any amended complaint must include specific facts that support the Landlord was a state actor when she allowed the Commonwealth Defendants to search Plaintiff's bedroom. If Plaintiff chooses to submit to the Court an amended complaint it must be on or before October 5, 2026; and,

---

[1] A statute of limitations argument was tabled because of a factual dispute on the timing of the events at issue. Plaintiff also improperly avers new facts in his Opposition (ECF No. 83), that the Court declines to address.

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 93) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Defendant Wendy Peace shall be terminated from the case.

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

Justin Shank
312 W. Long Avenue
Apartment 7
DuBois, PA 15801