**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN SHANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:25-cv-235 |
| | ) | Judge Stephanie L. Haines |
| WENDY PEACE *et al.*, | ) | Magistrate Judge Kezia O.L. Taylor |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is a Partial Motion to Dismiss (ECF No. 85) a Third Amended Complaint in Civil Action filed pursuant to 42 U.S.C. § 1983 (ECF No. 73) filed by Defendants Trooper Neeper, Corporal Means, and the Commonwealth of Pennsylvania (collectively "Commonwealth Defendants"). *Pro se* Plaintiff Justin Shank ("Plaintiff") filed the Third Amended Complaint asserting that while he was incarcerated his landlord allowed the Commonwealth Defendants to enter his residence and conduct a warrantless search of his bedroom. ECF No. 73, pp. 3-4. He claims that the actions of the Commonwealth Defendants were a violation of his civil rights.

Commonwealth Defendants filed their Partial Motion to Dismiss (ECF No. 85) and Brief (ECF No. 86) on January 26, 2026. The Court ordered Plaintiff to file a response to the Motion by February 27, 2026 (ECF No. 87). Plaintiff filed a Response (ECF No. 89) on February 23, 2026. The Motion to Dismiss was referred to Magistrate Judge Kezia O.L. Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 8, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 92) recommending that the Partial Motion to Dismiss (ECF No. 85) be granted and the case be

dismissed without prejudice. More specifically, Judge Taylor stated that the *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978), claim against the Commonwealth of Pennsylvania for failing to maintain adequate policies and procedures was futile because such a claim may only be brought against a municipality or local government, which was not the case here. In any case, the Commonwealth of Pennsylvania is protected by Eleventh Amendment Immunity. ECF No. 92, pp. 5-6. Judge Taylor recommended dismissal with prejudice.

As to individual Defendants, Trooper Neeper and Corporal Means, they are protected by sovereign immunity when acting within the scope of employment; in the facts asserted, Judge Taylor correctly found that Neeper and Means were acting in the scope of duty. ECF No. 92, pp. 7-9. Judge Taylor, however, recommended that the claims against Neeper and Means be dismissed without prejudice. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 92) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor properly evaluated each claim under the law and facts provided in Plaintiff's Third Amended Complaint and in Commonwealth Defendants' Partial Motion to Dismiss.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 3rd day of September, 2026, IT IS ORDERED that Commonwealth Defendants' Partial Motion to Dismiss (ECF No. 85) hereby is GRANTED. The Court provides Plaintiff with an opportunity to amend the Third Amended Complaint to cure the defects as noted in Magistrate Judge Taylor's Report and Recommendation (ECF No. 92). Any amendment must address with proper authority why Defendants Neeper and Means are not protected by sovereign immunity and must be filed on or before October 5, 2026; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 92) is adopted as the Opinion of the Court; and,

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

Justin Shank
312 W. Long Avenue
Apartment 7
DuBois, PA 15801